## POWER v. POWER.
### No. 8538.

Court of Civil Appeals of Texas. San Antonio.

Feb. 4, 1931.

Fellbaum & Fellbaum and Frank J. Baskin, all of San Antonio, for appellant.

J. W. Ragsdale, of Victoria, for appellee.

SMITH, J.

This appeal is from a judgment rendered upon an instructed verdict. The briefs of the parties do not disclose the nature of the controversy, other than by the general statement in plaintiff in error's brief that: "This was an action to set aside a divorce decree which affected a property settlement between the parties involved which plaintiff in error contends was an unfair and unjust settlement and was agreed to by her by reason of misrepresentations on the part of the defendant in error at a time when she was physically incapable of protecting her rights. Judgment was rendered for the defendant in error by the court on motion of the defendant in error's attorney asking for a directed verdict in his favor." No pleading of either party is mentioned, directly or indirectly, anywhere in the briefs, which are equally silent concerning the testimony adduced upon the trial, and no authenticated statement of facts is with the record.

██ Plaintiff in error grounds her appeal upon three assignments of error, in each of which the judgment is attacked in general terms, because of the claimed insufficiency of the evidence to warrant a directed verdict. The assignments are not fortified by any propositions of law, or accompanied by any statement of any pleading or evidence, or record reference thereto. In short, they present nothing for review, and, serving no purpose, must be disregarded. Even if those assignments were sufficient as such, they could present questions determinable only from the evidence, which cannot be considered in the absence of a statement of facts.

In this situation this court is relegated to an inspection of the record for fundamental error, and, none being apparent, the judgment must be affirmed.